THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLINTON LARRABEE v. THOMAS MULHOLLAND, Police Justice, etc., Respondent.

*City of Syracuse — common council may compel milk dealers to take out licenses — 1857, chapter 63.*

The common council of the city of Syracuse has power, under its charter (chapter 63 of 1857), to pass an ordinance prohibiting any person from peddling or delivering milk in any of the public squares, streets or alleys of the city without first obtaining a license so to do from the mayor, and also the further power to authorize the mayor, within certain limits, to fix the license fees.

*Certiorari* to review the conviction of the relator, in the Police Court of the city of Syracuse, of a misdemeanor in violating an ordinance of the said city.

*D. Pratt*, for the relator.

*Martin A. Knapp*, for the respondent.

Talcott, P. J. :

This is a *certiorari* which brings up the record of a conviction of the relator for the violation of an ordinance of the city of Syracuse. The ordinance was passed July 16, 1877, and is as follows : "It shall not be lawful for any person or persons to *peddle* milk, or to deliver the same to the inhabitants of the city, from any cart, wagon or vehicle whatever, in any of the public squares, streets or alleys of said city, without first having been duly licensed to do the same by the mayor of said city, as hereinafter provided, and any person guilty of the violation of this ordinance shall be adjudged guilty of a misdemeanor, and upon conviction subject to a fine of not more than fifty dollars for each offence. The mayor of said city shall have power, and is hereby authorized, to grant a license to such person or persons as in his judgment shall appear proper and the best calculated to secure to the inhabitants of said city pure and wholesome milk, and any person applying for a license to sell and distribute milk shall before and upon granting the same pay to said mayor, for the use of said city,

a sum not less than five dollars, nor more than ten dollars, to be fixed by said mayor, and made in all cases uniform, for one year from the issuing of said license, for each and every wagon, cart or vehicle used by him in the peddling or distribution of milk, in any of the public squares, streets or alleys of said city. Upon such payment being made, and license granted to any applicant therefor, the said mayor shall give to such party or person a written license to peddle, sell and deliver to the inhabitants of the said city pure and wholesome milk."

The relator was arrested for a violation of this ordinance, for peddling and delivering milk to the inhabitants of the said city of Syracuse, upon one of the public streets of the said city, from a vehicle used by him for that purpose without having a license, as provided by the said ordinance, and on due proof of the facts was convicted and sentenced to pay a fine of five dollars for such offence, and to stand committed until such fine was paid.

On a return to the writ of *certiorari* in the case, the validity of the ordinance is challenged.

We think there can be no doubt of the power of the common council to pass the ordinance as a matter of police and sanitary regulation.

Among the specific grants of power to the municipal corporation of Syracuse (Laws of 1857, chap. 63, title 4, § 4) is to be found the following power :

" To license and regulate cartmen, porters, * * * hawkers, peddlers, pawn-brokers," etc., " and fix the rates to be paid to or by them, to prohibit unlicensed persons from acting in either of such capacities," to authorize the mayor to grant such license, etc.

In addition to this there is in the charter a general grant of power, as follows : " The common council shall have power to make, alter, establish, modify, amend and repeal, all such ordinances, rules, fire and police regulations, by-laws and resolutions, which are not in violation of the laws of this State or of the United States, as they shall deem necessary and proper." (Laws of 1857, chap. 63, § 6, p. 114.)

The provisions of the charter fully authorized the enactment of the ordinance in question. (Dillon on Mun. Cor., §§ 93, 250 to 264; *People ex rel Cox* v. *Justices Special Sessions*, 7 Hun, 214;

*Blazier* v. *Miller*, 10 Hun, 435; *City of Brooklyn* v. *Breslin*, 57 N. Y., 591; *State* v. *Clark*, 28 N. H. [8 Foster], 176.)

The objects and purposes of the ordinance are indicated on the face thereof, and it is plain that it was intended as a sanitary and police regulation, and not as a tax for the purpose of raising a revenue. · (*Johnson* v. *Philadelphia*, 60 Pa., 445.)

It appeared that, at the time when the defendant peddled the milk in question, he was in the employ of the " Onondaga County Milk Association," a body corporate created by act of the Legislature (Laws of 1872, chap. 102), employed to sell and deliver milk for that corporation in the city of Syracuse, but it was admitted that the corporation had no license under the ordinance. Some immunity was claimed for the defendant, on the ground that he was in the employ of that corporation. But we have looked through the charter of that company, and we have failed to discover anything therein which exempts either it or its employees from the ordinances of the city applicable to the subject.

The conviction should be affirmed.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Conviction affirmed.